UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV –

| | |
|---|---|
| Joseph Knoll on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>IntelliRisk Management Corporation, and its subsidiary, Allied Interstate, Inc.,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3.  Plaintiff Joseph Knoll is a natural person who resides in the City of Burnsville, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant IntelliRisk Management Corporation (hereinafter "Defendant IRMC") is a corporation and a debt collection agency operating from an address of 100 Park Avenue, New York, NY 10017. Defendant IRMC is the parent corporation of Defendant Allied and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.  Defendant Allied Interstate Inc. (hereinafter "Defendant Allied") is a  subsidiary of Defendant IRMC and is a debt collection agency operating from an address of 3000

-1-

Corporate Exchange Drive, 5th Floor, Columbus, OH 43231 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. In or about 1990 Plaintiff incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with ITT Financial.

7. Plaintiff failed to pay the alleged debt to ITT Financial and that account was written off.

8. Plaintiff did not pay on the alleged debt to ITT at anytime after 1995 and therefore the statute of limitations expired.

9. Apparently sometime subsequent to 1990 and prior to December 29, 2005, ITT sold or transferred the stale debt to Defendants for collection.

10. On or about December 29, 2005, Defendants called Plaintiff at his home residence and left a message for Plaintiff to return the call to 877-350-9713.

11. Plaintiff returned the call to Defendants on December 30, 2005, and was told by a male collection agent that Defendants was calling about an old student loan debt owed to ITT.

12. When Plaintiff began to inquire about the alleged debt and it was determined that it was not a student loan but in fact the stale ITT debt Plaintiff told the Defendants' agent that the debt was beyond the statute of limitations and instructed Defendants not to call him anymore.

13. Defendants' agent told Plaintiff that he needed to "pay $1500 or else," in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

14. Despite the instructions for Defendants to leave him alone and to cease all telephone calls to him, Defendants persisted in contacting him by telephone on January 17, 19 and 20, 2006, in violation of 15 U.S.C. § 1692d.

15. Defendants' calls to Plaintiff's house were made by Defendants from Washington State telephone number 425-256-3786 which would appear on Plaintiff's residential caller ID as "Jennifer Smith".

16. Defendants used the false and bogus name of "Jennifer Smith" instead of its true name to deceive consumers into believing someone other than Defendants were calling in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(14).

17. When Plaintiff called the 425-256-3786 telephone number back it was answered by Defendant "Allied" and when Plaintiff requested to speak with Jennifer Smith he was told there is no one by that name who works there.

18. Defendants' use of the false and deceptive practice of having their telephone number appear as Jennifer Smith in order to deceive consumers in violation of 15 U.S.C. § 1692d, 1692e and 1692f.

## CLASS ALLEGATIONS

19. This action is brought on behalf of a class consisting of (i) all persons/consumers nationwide (ii) to whom telephone calls have been made from telephone number 425-256-3786 or some other telephone number that appears on caller ID as someone or some entity other than Defendants, (iii) for the purpose of an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were received (v) during the one year period prior to the filing of the complaint in this action.

20. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendants have unlawfully made deceptive telephone calls using false name information to hundreds of consumers nationwide.

J:\9000\10000\10321 Knoll, Joseph v. Allied Interstate\Complaint.doc

21. There are questions of law and fact, common to the class, which predominated over any questions affecting only individual class members. The principle question is whether Defendants' conduct violated the FDCPA.

22. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendants' records or records maintained by the Washington State telephone companies.

23. Plaintiff will fairly and adequately protect the interest of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions and consumer claims. Neither Plaintiff nor her counsel has any interests, which might cause him not to vigorously pursue this claim.

24. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
    b. A class action is a superior to other available methods for the fair and efficient adjudication of this controversy.

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

-5-

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

-6-

- for declaratory judgment that Defendant's conduct violates the Fair Debt Collection Practices Act;

- Certification of this action as a class action;

- for an award of statutory damages to Plaintiff and relief to the class in the form of $500,000 or 1% of the net worth of Defendants, whichever is less, for violations of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(B), against Defendants;

- for an award of costs, expenses, and reasonable attorney fees under the FDCPA pursuant to 15 U.S.C. § 1692(a)(3); and

- for such other and further relief as may be just and proper.

Dated this 15 day of March, 2006.

**CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
342 East County Road D
St. Paul, Minnesota 55117-1275
Telephone: (651) 770-9707

Attorney for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
) ss
COUNTY OF <u>DAKOTA</u> )

I, Joseph Knoll, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Joseph Knoll
Joseph Knoll

Subscribed and sworn to before me
this <u>20th</u> day of February, 2006.

s/Bonnie B. Sander
Notary Public

J:\9000\10000\10321 Knoll, Joseph v. Allied Interstate\Complaint.doc