UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Knoll on behalf of himself and all others similarly situated, | Civil No. 06-1211 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| IntelliRisk Management Corporation, and its subsidiary, Allied Interstate, Inc., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

Plaintiff Joseph Knoll previously incurred and failed to pay a consumer debt with ITT Financial. (Compl. ¶¶ 6-7.) Thereafter, ITT Financial transferred the debt to Defendants IntelliRisk Management Corporation and Allied Interstate, Inc., debt collectors as defined by 15 U.S.C. § 1692a(6). (Id. ¶¶ 4-5, 9.)

On or about December 29, 2005, Defendants called Knoll at his home residence and left a message to return the call to 877-350-9713. (Id. ¶ 10.) Knoll returned the call to Defendants on December 30, 2005, and learned that Defendants were attempting to collect on the ITT Financial debt. (Id. ¶ 11.) Knoll informed Defendants that the debt was beyond the statute of limitations and instructed Defendants not to call him anymore. Defendants told Knoll that he needed to "pay $1,500 or else." (Id. ¶¶ 12-13.)

Despite the instructions for Defendants not to contact him, Defendants persisted in telephoning Knoll between January 17, 2006 and January 20, 2006. (Id. ¶ 14.) These calls were made from the telephone number 425-256-3786, which appeared on Knoll's caller identification device as "Jennifer Smith." (Id. ¶ 15.) Knoll did not answer the calls, but later called the telephone number. (Id.) When he did so, the person answering identified himself as working for Allied Interstate. (Id.) When Knoll requested to speak with Jennifer Smith, he was told that no one by that name worked there. (Id.)

Knoll alleges that Defendants' practice of transmitting the false name "Jennifer Smith" via a caller identification device to consumers to lure them into answering the phone or returning Defendants' calls violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d, 1692e, and 1692f. He brings a class claim based on the alleged violations and seeks to represent:

> a class consisting of (i) all persons/consumers nationwide (ii) to whom telephone calls have been made from telephone number 425-256-3786 or some other telephone number that appears on caller ID as someone or some entity other than Defendants, (iii) for the purpose of an attempt to collect a debt incurred for personal, family, or household purposes, (iv) which were received (v) during the one year period prior to the filing of the complaint in this action.

(Compl. ¶ 19.)

**DISCUSSION**

**A.    Standard of Review**

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations as true and grants every reasonable

inference arising from the complaint favorably to the plaintiff. See Strand v. Diversified Collection Serv., 380 F.3d 316, 317 (8th Cir. 2004). The Court will grant a motion to dismiss "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Id. (citations omitted). "At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Id. (citation omitted).

**B.     FDCPA**

When enacting the FDCPA, Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Accordingly, the purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e).

1.     Section 1692d

Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Id. § 1692d. It includes examples of conduct considered abusive or harassing and specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." Id. § 1692d(6).

Meaningful disclosure requires a debt collector to "disclose enough information so as not to mislead the recipient as to the purpose of the call." Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005). Accordingly, § 1692d(6) does not

prohibit a debt collection agency employee from using an alias during a telephone call, as long as the employee accurately discloses the name of the debt collection agency and explains the nature of its business. Wright v. Credit Bureau of Ga., Inc., 548 F. Supp. 591, 597 (N.D. Ga. 1982). However, a debt collector violates § 1692d(6) if the collector leaves an answering machine message under an alias and fails to disclose that the call is related to debt collection. See, e.g., Hosseinzadeh, 387 F. Supp. 2d at 1112; Joseph v. J.J. Mac Intyre Cos., 281 F. Supp. 2d 1156, 1163 (N.D. Cal. 2003); Leyse v. Corporate Collection Servs., Inc., No. 03-8491, 2006 WL 2708451, at *3-*5 (S.D.N.Y. Sept. 18, 2006).

No court has addressed whether § 1692d(6) applies to caller identification devices. Noting that § 1692d(6) applies when a debt collector places a call, Knoll argues that a debt collector must meaningfully disclose itself on a caller identification device. Defendants refute this argument on several grounds. First, they maintain that Knoll's position is impracticable because the text available on a caller identification device is insufficient to make a full "meaningful disclosure" under § 1692d(6). This argument is baseless. To meet the "meaningful disclosure" requirement, the caller identification device need only display that the call is from a debt collector.

Second, Defendants contend that Knoll's position would create an anomaly, since debt collectors would violate the "meaningful disclosure" requirement if they called an individual who had neither an answering machine nor a caller identification device. However, under that circumstance, a debt collector would not engage in any harassing, oppressive, or abusive tactics because the individual would not know that he or she even received a telephone call.

That is not the case when an individual has either an answering machine or a caller identification device.

Finally, Defendants submit that Knoll received a "meaningful disclosure" when he returned the call and spoke with an Allied Interstate employee. Such disclosure was too late. Although Allied Interstate disclosed its identity when Knoll returned the calls, Defendants did not make any attempt to identify themselves when they placed the telephone calls to Knoll. Indeed, Knoll claims that Defendants purposefully hid their identity and misled him as to the purpose of the call.

The Court finds that Knoll sufficiently alleges that Defendants failed to meaningfully disclose their identity when placing the calls between January 17, 2006 and January 20, 2006. It therefore denies the Motion on the § 1692d claim.

2.  15 U.S.C. § 1692e

Section 1692e describes various false and deceptive misrepresentations that are actionable. See 15 U.S.C. § 1692e. Knoll claims that Defendants violated two specific provisions of § 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . , [including]
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> . . .
>
> (14)   The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

Id.

No court has addressed whether a debt collector violates § 1692e by displaying an alias on a caller identification device. However, several courts have held that an employee of a debt collection agency may use a pseudonym in debt collection letters. For example, in Johnson v. NCB Collection Servs., 799 F. Supp. 1298 (D. Conn. 1992), a debt collection agency's demand letter was written on company letterhead, but concluded with the printed name of "Althea Thomas, Account Supervisor." Id. at 1300. The name "Althea Thomas" was an alias assigned to an NCB employee. When debtors called the telephone number listed on demand letters, the call was not necessarily directed to the employee using that alias but to the next available representative. Id.

When analyzing whether the use of the alias violated § 1692e, the Johnson court first noted that the FDCPA does not explicitly prohibit the use of aliases in communications with debtors. Id. at 1303. The court then noted that "the use of an assigned alias or office name, even when considered from the standpoint of the least sophisticated debtor, does not misrepresent the amount of a debt, the consequences of its nonpayment, nor the rights of the contacted debtor." Id. at 1304. Additionally, the court observed that the use of aliases and office names was well-established to protect collection agency employees, concluding that the "burden to an ethical debt collector that would result from prohibiting the use of assigned aliases by designated employees clearly outweighs any abstract benefit to a debtor that such a prohibition might yield." Id. Ultimately, the court held that the use of the alias did not violate § 1692e because the source of the disputed letter clearly was the collection agency,

and thus the use of an alias in that context was irrelevant. Id. at 1307.

Similarly, in Youngblood v. GC Services Limited Partnership, 186 F. Supp. 2d 695 (W.D. Tex. 2002), the court rejected § 1692e claims based on the use of pseudonyms by collection agency employees. The court reasoned:

> The use of a professional name or desk name is not uncommon. Neither is it misleading so long as it refers to a particular person. The Court understands why one in the debt collection business would be hesitant to sign letters with his real name, for fear that a disgruntled debtor would decide to seek out and punish the debt collector.
>
> Furthermore, the intent of § 1692e is not to require that debt collectors use the real names of employees, but to ensure that debtors are made aware that they are being contacted by a particular debt collection agency, which must be identified clearly in the letter, and not someone or something with a higher authority or more draconian debt collection tactics. The given name of the employee from whose desk the letter was sent is immaterial, and the use of a professional name or desk name, when used properly is no violation of § 1692e. Indeed, the true source of the letter is not any particular individual, but the company, corporation, partnership, etc. that is collecting the debt. The letter is unambiguous as to its source when the source is so defined.

Id. at 700; see also Gostony v. Diem Corp., 320 F. Supp. 2d 932, 944-46 (D. Ar. 2003) (use of pseudonym in collection letter, which clearly indicated that defendant was the actual debt collector, did not violate § 1692e).

Defendants rely on these cases to argue that the FDCPA permits the use of aliases in collection communications when the alias (1) does not mislead the consumer as to the amount of a debt, the consequences of nonpayment, or the consumer's rights; and (2) does not suggest that the consumer is being contacted by someone more intimidating than the actual debt collector. However, neither the text of § 1692e nor decisions interpreting the

provision support Defendants' construction. The clear text of § 1692e prohibits the "use of any false representation or deceptive means" and specifically the use of a name "other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e.

Moreover, in each of the cases involving an alias used in a debt collection letter, the letter bore the true name of the debt collector. Thus, the debtor was fully aware that he or she was dealing with a debt collector. In this case, the caller identification device masked that a debt collector was calling. Finally, the policy reasons underlying these cases is not present in this case, as there is no fear that a disgruntled debtor would pursue the debt collection agency employee. The Court therefore denies the Motion on the § 1692e claim.

3. <u>Section 1692f</u>

Section 1692f broadly prohibits a debt collector from using "unfair or unconscionable means to collect . . . any debt." 15 U.S.C. § 1692f. Knoll claims that the practice of displaying false information via a caller identification device to deceive debtors into answering or returning the debt collector's call is unfair. Given the expansive prohibition, the Court finds that Knoll has sufficiently pled a § 1692f claim and therefore denies the Motion on this claim.

**C.  Benign Practice Defense**

Finally, Defendants argue that dismissal is appropriate because Knoll is unable to prove that he was harmed by the caller identification practice. See <u>Strand</u>, 380 F.3d at 319 (affirming dismissal of a claim under 15 U.S.C. § 1692f(8) because the debt collector's

envelope included a neutral logo and innocuous phrases that did not reveal the source of the enclosed letters). At this procedural posture, the Court cannot conclude as a matter of law that Defendants' conduct was benign. Knoll alleges that Defendants affirmatively hid their identity and deceived debtors into believing that someone other than a debt collector was contacting them. Moreover, because the FDCPA is a remedial, strict liability statute, Knoll need not prove deception or actual damages to recover under the FDCPA. Picht v. Hawks, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), aff'd 236 F.3d 446 (8th Cir. 2001). Accordingly, the Court denies the Motion on this point.

**CONCLUSION**

Knoll has sufficiently pled FDCPA claims based on Defendants' caller identification practice. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Docket No. 12) is **DENIED**.

Dated: October 16, 2006

                 s/ Paul A. Magnuson
                 Paul A. Magnuson
                 United States District Court Judge